UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
DARRYL CHIMKO,                      )
                                    )
          Appellant,                )
                                    )
          v.                        )  CIVIL ACTION
                                    )  NO. 03-40277-WGY
ANTONIO LUCAS,                      )
                                    )
          Appellee.                 )
                                    )
                                    )
```

ORDER

YOUNG, C.J.                                      March 10, 2004


     The Court hereby solicits amicus briefs from the

Massachusetts Board of Bar Overseers, Michigan Attorney

Discipline Board, and Consumer Protection and Antitrust Division

of the Massachusetts Office of the Attorney General to assist it

in resolving the following question of attorney ethics raised by

the above-captioned appeal:

     Did the conduct of the appellant, Michigan attorney

     Darryl Chimko, constitute the unauthorized practice of

     law in Massachusetts?

(A brief summary of the case is attached.)

     The Court welcomes the submission of amicus briefs on this

significant and complex issue within sixty days of the date of

this order.   Please find enclosed for your review copies of the

Memorandum on Decision of United States Bankruptcy Judge Joel B.

Rosenthal, the appellant's brief, the appellant's appendix, and a

transcript of the hearing held before this Court.


SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
CHIEF JUDGE

SUMMARY OF THE CASE

On May 12, 2002, Michigan attorney Darryl Chimko ("Chimko") mailed to Chapter 7 debtor and Massachusetts resident Antonio Lucas ("Lucas") a proposed agreement reaffirming his obligation to Household Finance, proposed "Notice of Pro Se Reaffirmation" ("Notice"), and reaffirmation data sheet.  After receiving the executed reaffirmation agreement, Chimko filed it with the Bankruptcy Court, along with the Notice previously sent to Lucas. All correspondence from Chimko to Lucas and the Bankruptcy Court was accompanied by a cover letter that bore the letterhead of Chimko's Michigan law firm, identified Household Finance as "our client," and listed Chimko's law firm as the sender.

On October 10, 2003, after an evidentiary hearing, the Bankruptcy Court issued an order finding that Chimko, who had filed an appearance as an agent only, had engaged in misrepresentation and the unauthorized practice of law in Massachusetts.  The Bankruptcy Court sanctioned Chimko in the amount of $500, and provided copies of its decision to the Massachusetts Board of Bar Overseers and Michigan Attorney Discipline Board.

Chimko appealed the decision of the Bankruptcy Court to this Court.  Neither Lucas nor the United States Trustee have submitted briefs in opposition to Chimko's appeal.