UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 4:30-40277

DARRYL CHIMKO
Appellant

vs.

ANTONIO LUCAS
Appellee

MEMORANDUM IN SUPPORT OF APPELLANT'S
POSITION THAT THE DISTRICT COURT SHOULD NOT CERTIFY TO
THE SUPREME JUDICIAL COURT OF MASSACHUSETTS WHETHER
CHIMKO'S CONDUCT CONSTITUTES THE UNAUTHORIZED PRACTICE OF LAW

Now comes the Appellant, Darryl Chimko ("Chimko") and provides the following Memorandum in Support of his position that the District Court should not certify to the Supreme Judicial Court of Massachusetts whether Chimko's conduct constituted the unauthorized practice of law. As grounds therefore Chimko states the following:

I. PROCEDURAL BACKGROUND

1. On April 17, 2003 Antonio Lucas ("Debtor") filed a Chapter 7 petition pro se.

2. On June 16, 2003, via mail, Chimko as agent for Household Finance Corporation II ("Household"), as a courtesy to Debtor, filed with the United States Bankruptcy Court for the District of Massachusetts an executed reaffirmation agreement, a Notice of Pro Se Reaffirmation of Debts Secured by Real Property ("Notice"); and enclosed a cover letter on Chimko's law firm stationery.

1

3. The Debtor had signed the reaffirmation agreement previously.

4. In response to an Order to Show Cause, on October 10, 2003, Judge Rosenthal issued a Memorandum of Decision in which he determined that Chimko's conduct in filling in the reaffirmation agreement; mailing the reaffirmation agreement and the Notice to the Debtor along with the firm's cover letter; and filing the Reaffirmation Agreement and the Notice with the Bankruptcy Court constituted the unauthorized practice of law under Massachusetts law.

5. On October 10, 2003, Judge Rosenthal approved the Debtor's reaffirmation agreement.

6. On November 10, 2003, Chimko filed a Notice of Appeal.

7. On February 12, 2004, this Court held a hearing regarding the Appellant's appeal. At that time, the Court invited the Appellant to express his views as to whether the matter should be certified to the Supreme Judicial Court of Massachusetts regarding whether Mr. Chimko's conduct constituted the unauthorized practice of law.

## II. THE CONDUCT IN QUESTION

1. On May 12, 2002, Chimko mailed the Debtor a cover letter on the firm's letter head with an enclosed Reaffirmation Agreement, a copy of the Notice of Pro Se Reaffirmation, a Reaffirmation Data Sheet and a self addressed envelope. The Debtor was not represented by counsel.

2.  Chimko had used information provided by Household to complete the Reaffirmation Agreement which complied with Official Form 6.

3.  The cover letter indicated that Chimko could not give the Debtor legal advice.

4.  The cover letter requested that the fully executed Reaffirmation Agreement be sent back to Chimko's office.

5.  On May 27, 2003, the firm's bankruptcy department sent on the firm's letter head a reminder letter to the Debtor regarding the Reaffirmation Agreement.

6.  The Reaffirmation Agreement was executed by the Debtor on June 2, 2003.

7.  Said Reaffirmation Agreement was executed by Darryl Chimko as agent for creditor.

8.  On June 16, 2003, Darryl Chimko as agent for Household Finance, and as a courtesy to the Debtor, filed the Reaffirmation Agreement by mail with the Bankruptcy Court. Said filing consisted of a cover letter on the firm's letter head, the Reaffirmation Agreement, and a Notice of Pro Se Reaffirmation of Debts secured by real property.

9.  The Notice was signed by Darryl Chimko agent for creditor.

10. The Notice contained language that stated that "now comes creditor Household Finance Corporation II by and through its attorneys Shermeta, Chimko and Adams".

## III. THE BANKRUPTCY CODE AND BANKRUPTCY RULES

The following Sections of the Bankruptcy Code, Bankruptcy Rules and Local Rules need to be analyzed and interpreted in order to determine whether the above referenced conduct constitutes the unauthorized practice of law:

Under 11 U.S.C. Sec. 521(2) as part of the debtor's responsibilities:

> If an individual debtor's schedules and assets and liabilities includes consumer debts which are secured by property of the estate – (A) within thirty days after the date of the filing of a petition under Chapter 7 of this Title or on or before the date of a meeting of creditors, which ever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of said property and, if applicable, specifying that such property is claimed as exempt, but the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; (B) within forty five days after the filing of a Notice of Intent under this Section, or within such additional time as the court, for cause, within such forty five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's right with regard to such property under this Title;

Section 524(c) governs reaffirmation agreements and places restrictions on these agreements in order for them to be enforceable. Under Sec. 524(c)(2)(A) an agreement is enforceable only if:

> such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court whichever occurs later, by giving notice of rescission to the holder of such claim; and (B) such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under non-bankruptcy law, or under any agreement not in accordance with the provisions of this subsection.

11 U.S.C. Sec. 524(c)(2)(A) and (B).

Under Sec. 524 (c)(3), if the debtor is represented by counsel, then the agreement should be filed with the Bankruptcy Court; contain a declaration from the debtor's attorney that the debtor was fully informed; the agreement does not impose an undue hardship; and the debtor was advised of the consequences of signing the agreement.

If the debtor is not represented by counsel, as in the instant case, Sec. 524(c)(6) applies. Under subsection 6(A), in a case concerning an individual who was not represented by an attorney during the course of negotiation an agreement under the subsection, the agreement is enforceable only if : "the court approves such agreement as-(i) not imposing an undue hardship on the debtor; or a dependent of the debtor and (ii) in the best interest of the debtor." 11 U.S.C. Sec. 524 (c) (6)(A). However, under subsection 6(B) "Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property."

Pursuant to Section 524(d), in a case concerning an individual, not represented by an attorney who desires to enter into a reaffirmation agreement, the Court shall hold a hearing at which the debtor shall appear in person. At such hearing, the Court shall:

> 1) inform the debtor-(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and (B) the legal effect and consequences of –(i) an agreement of the kind specified in subsection (c) of this section; and (ii) a default under such agreement; and (2) determine whether the agreement that the debtor desires to make complies with the requirement of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

11 U.S.C. sec. 524(d).

5

Under Rule 4008-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts ("Local Rules"): "A reaffirmation agreement that does not comply with 11 U.S.C. [Sec.] 524(c) or (d) shall be unenforceable."

Under Local Rule 4008-1(b):

> If a Debtor is unrepresented by counsel during the course of negotiating of a reaffirmation agreement, the Court shall hold a hearing on the approval of the reaffirmation agreement pursuant to 11 U.S.C. Sec. 524(d). The Court, in its discretion, may schedule a hearing sua sponte on the validity or approval of any other reaffirmation agreement and/or may require that any reaffirmation agreement conform to Official Form 6.

Official Local Form 6 is a Reaffirmation Agreement approved by the United States Bankruptcy Court for the District of Massachusetts. The Agreement includes a specific notice to the debtor; description of the debt; a creditor statement concerning the security agreement and the collateral; debtor's statement of effect of the agreement on debtor's finances; debtor's statement concerning the decision to reaffirm; and a certification of attachments. On Official Form 6, there are two signature lines for the creditor, the first is for the name of the creditor and the second is the signature of creditor's representative. The Form also includes a certification by debtor's attorney, if any.

Under Bankruptcy Rule 1001:

> The Bankruptcy Rule and Forms govern procedure in cases under Title 11 of the United States Code. The rules shall be cited as the Federal Rules of Bankruptcy Procedure and the forms as the Official Bankruptcy Forms. <u>These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.</u> [emphasis added]

Bankruptcy Rule 9010(a) states:

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an

attorney authorized to practice in the court, and (2) perform any act <u>not constituting the practice of law</u>, by an authorized agent, attorney in fact, or proxy. [Emphasis added.]

Local Rule 9010-1 of the Local Bankruptcy Rules United States Bankruptcy Court District of Massachusetts states the following:

(a) A person who is a member in good standing of the bar of United States District Court for the District of Massachusetts may appear and practice before this Court.

(b) Except as provided in subsection (d) of this rule, an attorney who is not a member of the bar of the United States District Court for the District of Massachusetts, but is a member of the bar of any other United States District Court or the bar of the highest court of any state may appear and practice in the discretion of the Court, provided such attorney files a certificate attesting that (1) the attorney is a member of the bar in good standing in every jurisdiction where the attorney has been admitted to practice; (2) there are no disciplinary proceedings pending against such attorney as a member of the bar in any jurisdiction; and (3) the attorney is familiar with the Local Rules of this Court. An attorney seeking admission under this subsection may not enter an appearance or sign any pleadings until admission is granted, except that the attorney may sign a complaint or any other pleading necessary to prevent entry of default or the passage of any deadline, provided such complaint or other pleading is accompanied by the attorney's application for admission under this subsection in proper form. An attorney seeking admission under this subsection more frequently than twice in any 12 month period shall additionally certify (1) the attorney's efforts to seek admission to the bar of the United States District Court for the District of Massachusetts; or (2) why such efforts have not been undertaken.

(c) A corporation, partnership or trust, by and through an officer or agent, or a person authorized by a power of attorney, may file a proof of claim or an application for payment of unclaimed monies due such entity, and may be heard on objections to claims or applications for payment. Otherwise, such entities shall appear only through counsel.

(d) An attorney need not obtain leave to appear and practice in a particular case merely to file a request for service or a proof of claim.

Local Rule 9010-3 covers a Notice of Appearance:

(a) The filing of any pleading or other document by an attorney shall constitute an appearance in the case or proceeding in which the pleading or document is filed by the attorney who signs it, unless the pleading or document states otherwise.

(b) An appearance in a case or proceeding by a member of the bar of the United States District Court for the District of Massachusetts may be made by filing a notice of appearance which shall contain the name, address, telephone number and any registration number assigned by the Board of Bar Overseers of the Commonwealth of Massachusetts (the "BBO number") of the attorney entering the appearance. If the Court has authorized the attorney to appear pro hac vice with respect to a particular matter pursuant to MLBR 9010-1(b), the Clerk shall assign a Bankruptcy Court registration number (the "PHV number") to the attorney which number must be set forth by the attorney in any pleadings filed in this Court in connection with the matter.

The Law Committee conceded: "the federal courts have the undisputed inherent authority to regulate the practice of law in federal forums." Id at 471. However, since there are no independent unauthorized practice standards, and the federal courts routinely apply the unauthorized practice of law standards of the forum state in other respects, the Law Committee argued Texas standards should be applied.

The 5th Circuit rejected this argument. The Fifth Circuit cited the case of Sperry v. Florida ex rel. the Fla. Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L. Ed.2d 428 (1963) in which the United States Supreme Court determined that a non-attorney patent agent, registered pursuant to a federal provision similar to Bankruptcy Rule 9010(a), was not subject to the State of Florida's licensing requirements regarding the preparation of patent applications.

Under federal law an applicant for patent may be represented by an attorney or agent authorized to practice before the patent office. The State of Florida attempted to enjoin said practice by non-attorneys. "But the law of the State, though enacted in the exercise of powers not controverted, must yield when incompatible with federal legislation." Id, 373 U.S. at 384, 83 S.Ct. at 1325. The Supreme Court pointed out that the rights conferred by the issuance of patents are federal rights. It is upon Congress that the Constitution bestowed the right to bestow patents. Id, 374 U.S. at 401, 83 S.Ct. 1334.

The Supreme Court found the following information relevant:

> The Government, appearing as amicus curiae, informs the Court that of the 7,544 persons registered to practice before the Patent Office in November 1962, 1801 were not lawyers. and 1,687 others were not lawyers admitted to the bar of the State in which they were practicing. [FN44] Hence, under the respondent's view, one-quarter of the present practitioners would be subject to

10

> disqualification or to relocation in the District of Columbia and another one-fourth, unless reciprocity provisions for admission to the bar of the State in which they are practicing are available to them, might be forced to relocate, apply for admission to the State's bar, or discontinue practice. The disruptive effect which this could have upon Patent Office proceeding cannot be ignored.

Id, 374 U.S. at 401, 402, 83 S.Ct. at 1334.

The 5th Circuit pointed out that: "The legislative history of the Bankruptcy Reform Act of 1978, furthermore, plainly indicates the intent of Congress is to separate purely administrative functions from judicial ones in the bankruptcy arena." Mason at 471.

> The [Law Committee] concedes that CBS has authority to file proof of claim forms because that activity is specifically authorized by Rule 3001. If, however, specific acts that otherwise constitute the practice of law in Texas must be statutorily authorized in order to pass [Law Committee] approval, then rule 9010(a)' explicit and general authority for representation by nonlawyer agents is meaningless. Furthermore, the [Law Committee] proposed reading of rule 9010(a) conflicts with the Bankruptcy Code's purpose to secure just, speedy, and inexpensive determinations without requiring the adjudication of undisputed matter.

Id.

The 5th Circuit chose to interpret Rule 9010(a)'s authorization "in light of the legislative history and standards applicable to the bankruptcy practice as recognized by federal courts, not according to the law of the forum of the state." Id.

The Court cited the lower District Court's opinion:

> The state standards for the unauthorized practice of law do not easily apply to the bankruptcy court because the State of Texas does not have a state analog to the federal bankruptcy court. A significant amount of activity in a bankruptcy court is administrative. Within this administrative context, the federal court may determine that under Bankruptcy Rule 9010(a) an agent may perform certain acts because they will best

11

> "secure the just, speedy, and inexpensive determination of every case and proceeding".
> Bankruptcy Rule 1001. The federal courts must be able to exercise this inherent power
> and make determinations as to what is or is not the practice of law free from the licensing
> requirements of the State of Texas. Federal courts cannot defer to states when making
> determinations as to who may perform which acts in furtherance of the administration of
> justice. The federal courts are in the best position to make these uniquely federal
> determinations/not the UPLC of the State of Texas.

Id at 472.

The 5th Circuit concluded that the state standards did not apply.

In In Re Poole, 222 F.3d 618 (9th Cir. 2000), the 9th Circuit denied the Chapter 13 Trustee's Motion to disgorge attorney fees paid to debtor's counsel. Debtor's counsel was admitted to the United States District Court, District of Arizona, but not the State of Arizona. The Trustee argued under 11 U.S.C. Sec. 101(4) attorney means "authorized under applicable law to practice law." The applicable law was the Rules promulgated by the State of Arizona.

The 9th Circuit rejected the Trustee's argument. "As we have discussed, and as nearly a century of Supreme Court precedent makes clear, practice before federal courts is not governed by state court rules." Id. "Thus the Arizona Supreme Court rules cannot be the "applicable law" to which the Bankruptcy Code refers." Id.

In response to the Trustee's argument that the Bankruptcy Code is driven by state law, and cannot be compared to patent law, the 9th Circuit responded:

> Congress has the constitutional power to establish "uniform Laws on the
> subject of Bankruptcies throughout the United States." U.S. Const. art. 1, Sec.
> 8. The exercise of bankruptcy power is exclusively federal. See, Kalb v.
> Feuerstein, 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940).
> "[J]urisdiction and authority over bankruptcies has been vested, from the
> beginning of the Republic, in the federal district courts." Gruntz v. County of

12

Los Angeles (In Re Gruntz), 202 F.3d 1074, 1080 (9th Cir.2000) (en banc); see also 28 U.S.C. Sec. 1334. Thus, the trustee's reliance on Sperry is unavailing.

More importantly, Sperry involved an antipodal situation: potential federal interference with the operation of state law. The State of Arizona is not a party to this case. It has not imposed any discipline upon Smith, nor has it charged him with unauthorized practice of law. In short, this case is not about any federal effort to displace state discipline; it is about the inappropriate reliance on state authority to impose federal discipline.

Id at 622.

In In Re Lyon, 16 NE2d 74 (1938) the activities of a collection agency were challenged as the unauthorized practice of law. The single justice had determined that the agency could not represent creditors in proceedings in bankruptcy. The Supreme Judicial Court stated:

"The discussion on this point starts with the premise that we have neither the power nor inclination to interfere in any way with proceedings in Federal courts, or before officers appointed by them. We further concede fully the Federal power finally to determine who shall practice law before these courts or officers."

Id at 76.

It is declared policy of this Commonwealth that only members of this bar should practice law or hold themselves out as authorized to [practice] law. G.L. (Ter.Ed.) c. 221, Sec. 46A, as inserted by St.1935, c. 346, [Sec.] 2. We understand not that the Federal government has adopted any policy in conflict with this, but rather that within its sphere, it pursues a similar policy of its own. U.S.Rev.Sts. [Sec.] 747, U.S.C. Title 28, [Sec.] 394, 28 U.S.C.A. [Sec.] 394. And it is settled that in the matter of disbarment of an attorney either jurisdiction will give great weight to action taken by the other. Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 5815, Ann.Cas.1917D, 569; Matter of Ulmer, 268 Mass. 373, 400, 167 N.E. 749. We concede that our policy and our statute must yield to any valid rule, other or established practice of the Federal courts controlling the practice of law in respect to matters within their jurisdiction, but we see no reason why our policy or statute should give way in favor of persons who seek to escape State regulation of the practice of law on the ground that their practice is within the field of Federal jurisdiction,

13

when they are not authorized to [practice] in that jurisdiction. Within these limits enforcement of our act according to its terms does not interfere with any Federal function. But if it be true, as the respondents contend, that Federal law permits a layman to make a business of representing creditors to some extent in bankruptcy proceedings, we do not undertake to interfere with the exercise of that privilege.

Id at 77.

If this Court chooses to reject the above authority, and determines that the Massachusetts' standards should apply, as opposed to federal standards applicable to bankruptcy practice, the United States District Court is still the best venue to determine this particular issue. A determination of unauthorized practice involves an analysis of the reaffirmation process and the federal and local bankruptcy rules. There is nothing comparable in the Massachusetts' judicial system. The distinction between administrative and judicial functions are unique to the bankruptcy arena.

The deciding court must first determine whether the filing of the reaffirmation agreement is an administrative task or judicial proceeding under bankruptcy procedure. The federal courts are uniquely situated to make the determination of how the Massachusetts standards apply to these potential administrative tasks. The Supreme Judicial Court is not in the best position to interpret the Bankruptcy Rules in the federal setting before applying its state standards.

Based on the above, it is Appellant's position that the United States District Court should not certify to the Supreme Judicial Court of Massachusetts whether Chimko's conduct constitutes the unauthorized practice of law.

14

Respectfully submitted,

DARRYL CHIMKO
By his attorneys,
STEPHEN E. SHAMBAN LAW OFFICES, P.C.

By: *Ann Brennan*
ANN BRENNAN (BBO 237770)
P.O. BOX 850973
639 GRANITE STREET
BRAINTREE, MA  02185-0973
(781) 849-1136

jm:chimko.4.6.04

15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>ANTONIO LUCAS,<br><br>Debtor. | CHAPTER 7<br>CASE NO. 03-42229-JBR |
| DARRYL CHIMKO,<br>Appellant<br><br>vs.<br><br>RICHARD KING, U.S. TRUSTEE,<br>Appellee. | USDC 4:03-CV-40277 |

## CERTIFICATE OF SERVICE

I, ANN BRENNAN do hereby certify that on April 12, 2004 I served the within MEMORANDUM IN SUPPORT OF APPELLANT'S POSITION THAT THE DISTRICT COURT SHOULD NOT CERTIFY TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS WHETHER CHIMKO'S CONDUCT CONSTITUTES THE UNAUTHORIZED PRACTICE OF LAW by mailing a copy of same, postage prepaid first class mail to the interested parties listed on the attached Exhibit "A"

DARRYL CHIMKO,
By his Attorneys,
STEPHEN E. SHAMBAN LAW OFFICES, P.C.

By: /s/ Ann Brennan
ANN BRENNAN (BBO 237770)
P.O. BOX 850973
639 GRANITE STREET
BRAINTREE, MA  02185-0973
(781) 849-1136

cdh.chimko.41204

EXHIBIT "A"

Richard King, Esq.
United States Trustee
600 Main Street
Suite 200
Worcester, MA  01608

Household Finance
c/o Shermeta, Chimko & Adams, P.C.
Attorneys and Counselors at Law
445 South Livernois Ste. 333
P.O. Box 80490
Rochester Hills, MI  48308-0490

Shermeta, Chimko & Adams, P.C.
Attorneys and Counselors at Law
445 South Livernois Ste. 333
P.O. Box 80490
Rochester Hills, MI  48308-0490

Darryl Chimko, Esq.
1613 Scenic Hollow
Rochester Hill, MI  48306

John Burdick, Esq.
Chapter 7 Trustee
Burdick & DiLeo
340 Main St.
Worcester, MA  01608

Darryl Chimko
Chimko, Dzialo, Abood Dimouski PC
P.O. Box 70368
Rochester, MI  48307-0368

Ken Mogill
27 East Flint St., 2nd Fl.
Lake Orion, MI  48362

Cdh.chimko41204